■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL VARGAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered June 12, 1984, convicting him of murder in the second degree, attempted murder in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that his lineup identification was tainted by the complainant's viewing, some two years earlier, of photographic arrays containing the defendant's picture is without merit *(see, People v Ruffino,* 110 AD2d 198;

*People v Johnson,* 106 AD2d 469; *People v Carter,* 106 AD2d 654); this is particularly so in light of the fact that the complainant never made an identification from the photographic arrays. That branch of the defendant's motion which was to suppress the identification testimony was, therefore, properly denied.

At trial, the complainant, whose eyewitness testimony provided the only evidence linking the defendant to the crime, identified the defendant as one of the four men who brutally assaulted him and killed his cousin. Although there were some discrepancies between the testimony given at the defendant's trial and that given at the trial of another of the perpetrators some two years earlier, the inconsistencies were not so significant as to render the complainant's testimony incredible as a matter of law. Nor do the circumstances of the identification itself give us reason to question the jury's verdict. Viewed in the light most favorable to the People, the evidence was of sufficient quantity and quality for any rational juror to conclude that guilt was established beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620).

The defendant's several claims of error with respect to the court's charge are, for the most part, unpreserved. In any event, we do not consider the charge to have been unbalanced, unfair, or otherwise erroneous.

Finally, the imposed sentence evinces neither an abuse of discretion nor a failure to observe sentencing principles on the part of the sentencing Judge, and does not warrant appellate modification *(see, People v Suitte,* 90 AD2d 80, 86-87). Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.