◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANFORD DUBOSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered March 13, 1987, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), and grand larceny in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity beyond a reasonable doubt. We disagree. At trial, 1 of the 3 complaining witnesses was able to identify the defendant, as she had at a previously arranged lineup, as 1 of the 2 men who committed the robbery. Viewing the evidence in a light most favorable to. the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Contrary to the defendant's assertions, there was nothing in

the record which would justify the conclusion that the complainant's testimony was incredible as a matter of law *(see, People v Andrews,* 125 AD2d 478).

The defendant's further contention that references during the course of the trial to the fact that witnesses had identified the defendant while viewing photographs requires reversal and a new trial is similarly without merit. The immediate striking of the testimony and the court's curative instructions ameliorated any prejudicial effect the testimony might have had. We further note that in one instance the witness's reference to the photographic display was elicited on cross-examination by defense counsel and in the other instance it was in response to a question by the court. Accordingly, the defendant's motion for mistrial was properly denied *(People v Norman,* 127 AD2d 798; *People v Scatliffe,* 117 AD2d 827).

Finally, we conclude that the court properly resolved the defendants *Sandoval* motion. The court's ruling precluding the prosecutor from inquiring into the underlying facts of any of the prior convictions, shows that the court was sensitive to the prejudicial effect thereof, and properly weighed it against the probative value of the evidence, before ruling *(People v Sandoval,* 34 NY2d 371; *People v Scott,* 118 AD2d 881, 882). Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.