■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE A. BLAIR, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 13, 1985, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the third degree.

Around 12:00 A.M. on March 2, 1985, Douglas Adams, Robert Brown and two friends drove to the Arbor Hill section of the City of Albany in order to visit a friend of Adams. Shortly thereafter, at Clinton and Lexington Avenues in the city, Adams was robbed of $60 at knifepoint and a gold chain was forcibly taken from Brown's neck. Neither Adams nor Brown observed the incident involving the other, but their companion, Frank Milano, witnessed both crimes. Immediately thereafter, Adams stopped a police car, reported the incident and gave a description of the assailant. The police took Adams to a nearby bar and arrested defendant, as he matched the description given by Adams. Defendant was indicted on charges of robbery in the first degree and robbery in the third degree. After a jury trial, defendant was convicted as charged and sentenced as a second felony offender to consecutive prison terms of 12½ to 25 years and 3½ to 7 years. This appeal followed.

Initially, we reject defendant's contention that he was denied a speedy trial (see, CPL 30.30) or that, at the very least, a hearing should have been conducted on his motion to dismiss upon speedy trial grounds (see, CPL 210.45 [5]). Defendant supported the motion with the affirmation of an Assistant Public Defender which, as is relevant to the contentions advanced upon appeal, alleged only that the People had "not communicated their readiness for trial on the record within the meaning of *People* v *Kendzia*, 64 NY2d 331". This allegation did not satisfy defendant's burden to come forward with "sworn allegations supporting all the essential facts" (CPL 210.45 [5] [b]; see, *People v Lomax*, 50 NY2d 351, 355) and, therefore, County Court acted within the scope of its discretionary authority in denying the motion without a hearing.

The bare and unsubstantiated assertion that the People were not actually ready for trial at the time of their statement of readiness will not suffice; what is required are facts of an evidentiary nature *(supra)*.

We turn next to the claim that because the People impermissibly elicited the fact of defendant's postarrest silence, a new trial is required. Clearly, the fact that a criminal defendant exercised his right to remain silent at the time of arrest may not be utilized against him at trial *(see, People v Conyers,* 49 NY2d 174, 178-179, *on rearg* 52 NY2d 454; *see also,* US Const 5th Amend; NY Const, art I, § 6). After the testimony was brought out, defense counsel moved for a mistrial. County Court denied the motion and immediately gave a curative instruction, in which it said: "[L]et me give you some instructions with respect to the stated reply by this witness that the defendant said no when asked whether he would speak to the police at that time. The defendant has the absolute right to say no and it cannot be considered against him. He has an absolute right to remain silent, and you will not consider the fact that he remained silent at that time as any evidence against the defendant." We conclude that this prompt, emphatic curative instruction was sufficient to cure any prejudice to defendant that may have resulted from the impermissible testimony, especially since defendant's postarrest silence was never mentioned again *(see, People v Arce,* 42 NY2d 179, 187-188).

Next, defendant argues that County Court erred in failing to charge robbery in the third degree as a lesser included offense of robbery in the first degree. Defendant argues that either the knife was used in self-defense or not at all. The People concede that, by definition, the crime of robbery in the third degree is a lesser included offense of robbery in the first degree under the first prong of the test detailed in *People v Glover* (57 NY2d 61, 63). However, the second *Glover* prong was not satisfied since the testimony does not provide a reasonable view of the evidence requiring such a lesser charge. Defendant's defense was that of alibi. Defendant, his wife and his friend all testified that he was elsewhere during the time the robberies took place. Consequently, defendant was either guilty of robbery in the first degree or he was innocent of any crime, precluding a conviction of the lesser offense and acquittal of the greater offense, and County Court's refusal to charge the lesser included offense was proper.

We are also unpersuaded by defendant's argument that he

was deprived of a fair trial as a result of prosecutorial misconduct. While it is true that the prosecutor improperly vouched for the credibility of one of the People's witnesses *(see, People v Langert,* 105 AD2d 845) and, during summation, denigrated the defense by implying that it was "rehearsed" or "concocted", and some of the comments would have been better left unsaid, this improper conduct does not warrant reversal under the circumstances herein. When the improper comments are assessed in the context of the entire summation and entire trial *(see, People v Galloway,* 54 NY2d 396, 401), they were rendered harmless by the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230).

Defendant's remaining contentions do not require extended discussion. Since the nature and extent of cross-examination rests in the sound discretion of the trial court *(People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846), we believe that County Court acted reasonably in refusing to allow further cross-examination of Brown, considering that "[d]efense counsel failed to show that the information sought to be elicited on cross-examination could not have been discovered earlier" *(People v Frieson,* 103 AD2d 1009). Finally, we disagree with defendant's claim that the identification testimony of Adams and Brown was improperly bolstered by the testimony of two police officers since there was no testimony of an out-of-court identification *(see, People v Rhone,* 115 AD2d 669, 670; *see also, People v Trowbridge,* 305 NY 471).

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.