■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHADIJAH NAADIRAH NAGI, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered July 1, 1987, upon a verdict convicting defendant of the crimes of scheme to defraud in the first degree, criminal impersonation in the second degree and false advertising.

Defendant was convicted after a joint trial with a codefendant, Michael T. Stevens, of the crimes of scheme to defraud in the first degree, criminal impersonation in the second degree and false advertising. Stevens testified in his own defense and twice referred to defendant's "extensive criminal history"; one reference implied that defendant had been incarcerated in State prison and the other referred to her previous conviction for forgery. Upon the latter reference, Stevens, who had been admonished by County Court previously not to make such references, was held in contempt by the court. Defendant thereupon moved for a mistrial but her motion was denied. County Court instead gave further curative instructions to the jury. Defendant, citing the necessity to answer the references to her criminal history, thereafter testified in her own defense.

On this appeal defendant argues that the cumulative effect of Stevens' actions was so prejudicial as to require the grant of her motion for a mistrial and that the failure to grant her motion, despite curative instructions, was reversible error. We disagree.

"While prompt curative instructions will not avoid the necessity of declaring a mistrial where the prejudicial remark

is of such a magnitude that the defendant's fundamental right to a fair trial has been violated" *(People v Celeste,* 95 AD2d 961, 963), the motion may properly be denied where the prejudice resulting therefrom is capable of being cured *(supra,* at 963). Use of curative instructions is a proper course where such instructions alleviate whatever prejudice may have resulted from the prejudicial testimony *(see, People v Young,* 48 NY2d 995; *see also, People v Arce,* 42 NY2d 179). The prejudicial remarks should be viewed in the light of the entire testimony to determine whether the defendant was denied a fair trial *(People v Patterson,* 83 AD2d 691, 692). Where the curative instructions are viewed as insufficient, the defendant should seek further or more complete instructions from the trial court *(People v Santiago,* 52 NY2d 865, 866).

Adequate and prompt curative instructions were provided in this case. County Court characterized Stevens' challenged remarks as hearsay and directed the jury to disregard them on more than one occasion. Viewing the testimony as a whole in the light of all the curative instructions given to the jury, defendant cannot be said to have been denied a fair trial by the challenged remarks.

Defendant's implied argument that she was forced to take the stand and give up her right not to testify to refute the effect of Stevens' references to her prior criminal history is not persuasive. This contention is simply not supported by the record.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.