■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON WATTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered August 6, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the

People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that the prosecutor's cross-examination suggesting his involvement in uncharged crimes was unduly prejudicial and deprived him of a fair trial. The defendant concedes that trial counsel "fail[ed] to object to the prosecutor's overall inquiry". The record supports the conclusion that the alleged error raised on appeal was not objected to at trial and, consequently, is not preserved for appellate review *(see,* CPL 470.05; *People v Fleming,* 70 NY2d 947, 948; *People v Chaitin,* 61 NY2d 683, 684-685). In any event, the defendant clearly opened the door to the complained-of cross-examination by interjecting the uncharged crimes during his direct examination as an integral component of his trial strategy *(see, Brown v United States,* 356 US 148, *reh denied* 356 US 948; *Halloran v Virginia Chems.,* 41 NY2d 386, 393; *People v McCullough,* 141 AD2d 856, 858).

We further find that the sentence imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.