■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALDO GOMEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cunningham, J.), rendered September 23, 1985, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove that he intended to cause the victim serious physical injury *(see,* Penal Law § 125.20 [1]) and that he possessed the weapon in question is without merit. Several eyewitnesses testified that, after a verbal argument, during which the defendant threatened the victim, the defendant retrieved a gun from a car and shot the victim at close range. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction for manslaughter in the first degree and criminal possession of a weapon in the second degree.

The trial court did not improvidently exercise its discretion in ruling that the prosecutor could cross-examine the defendant, if he chose to testify, as to whether he had been convicted of the misdemeanors of criminal mischief, criminal possession of stolen property in the third degree and obstructing governmental administration, but not as to the underlying facts of those convictions *(see, People v Rahman,* 46 NY2d 882; *People v Dubose,* 147 AD2d 585).

Finally, we conclude that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.