■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON THORNTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 5, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In this single-eyewitness identification case, the complainant testified in detail and he was subjected to extensive cross-examination. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The discrepancies pointed to by the defendant are insignificant *(cf., People v Vargas,* 126 AD2d 764, 765). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

It is clear from the record that during cross-examination, after defense counsel initially elicited hearsay testimony from the complainant, he continued the questioning before requesting a sidebar and seeking a mistrial. The continued questioning by defense counsel and the questions posed by the court generally followed defense counsel's strategy, which was aimed at impeaching the credibility of the complainant. Defense counsel's continued questioning after the initial hearsay statements clearly prepared the groundwork for the later summation argument that the complainant's testimony was unreliable *(cf., People v Blair,* 148 AD2d 767, 768; *People v Dubose,* 147 AD2d 585, 586; *People v King,* 91 AD2d 1073).

Any prejudice resulting from the elicitation of the hearsay testimony was cured by the court's curative instruction to the jury, which was not objected to by defense counsel *(cf., People*

*v Nagi,* 153 AD2d 964; *People v Blair, supra; People v Dubose, supra; People v King, supra).* As a result, the trial court did not improvidently exercise its discretion in denying defense counsel's motion for a mistrial *(see, e.g., People v Nagi, supra).* We find that the defendant was not entitled to a *Wade* hearing since the street confrontation at which the defendant was identified was initiated by a private citizen and did not occur due to police participation *(see, People v Rolon,* 145 AD2d 658; *People v Blackman,* 110 AD2d 596, 597-598; *People v Dukes,* 97 AD2d 445).

Finally, the defendant's prior conviction as a juvenile offender involving theft of property was highly relevant to the issue of his credibility *(see, People v Lamb,* 149 AD2d 943; *People v Natal,* 144 AD2d 587, 588; *People v Smalls,* 128 AD2d 907).* As a result, we reject the defendant's contention that the trial court's *Sandoval* ruling was an improvident exercise of discretion.

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.