■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered May 5, 1987, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 20, 1986, at approximately 5:20 P.M., the defendant sold a vial of crack cocaine to an undercover police officer and then at approximately 5:40 P.M., the defendant sold a second vial of crack to the same undercover officer.

During the trial, the court was informed that two jurors had allegedly seen the defendant being brought to the courthouse in handcuffs. The court questioned both jurors regarding this incident and determined that only one had actually seen the defendant in handcuffs and that she had discussed this incident with the other juror. Both jurors asserted that the incident would not prevent them from being fair and impartial. The defense counsel then made a motion for a mistrial claiming that the observation of the defendant in handcuffs would prejudice the jury. We find that the motion was properly denied.

The jurors' answers to the trial court's questioning supported the court's determination that the two jurors could still be impartial and fair. Furthermore, the court noted that the defendant was in the constant presence of two correction officers and two deputies and therefore, the jury could have independently concluded that the defendant was in custody. Therefore, any prejudice that resulted from the incident in question was minimal and does not warrant reversal of the judgment of conviction.

The defendant further contends that it was reversible error for the prosecutor to cross-examine the defendant concerning his prior use of aliases in light of the trial court's *Sandoval* ruling precluding the prosecutor from questioning the defendant regarding his prior misdemeanor convictions. Apparently the aliases were used in connection with the misdemeanor convictions. Since the defense counsel failed to object to this cross-examination, the issue is not preserved for appellate review *(see, People v Watts,* 154 AD2d 723). It is generally improper to question the defendant about aliases used in connection with arrests where those arrests are not the proper subject of cross-examination under the court's *Sandoval* ruling *(see, People v Malphurs,* 111 AD2d 266, 269). However, the defense counsel "opened the door" for this line of questioning by eliciting from the defendant on direct examination the statement that he never used any other first name but Ricky *(see, People v McCullough,* 141 AD2d 856, 858). Thus, the cross-examination regarding aliases was not improper.

The defendant also contends that the sentence imposed was

excessive and allegedly constituted punishment for proceeding to trial. "[T]he fact that a sentence imposed after a trial is greater than that offered during a plea negotiation is no indication that the defendant is being punished for asserting his right to proceed to trial" *(People v Patterson,* 106 AD2d 520, 521). There is no evidence in the record which indicates that the defendant was punished for exercising his right to trial. In fact, the sentencing minutes show that the court properly considered the defendant's extensive criminal background in arriving at an appropriate sentence *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.