■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WALKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered November 6, 1985, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence upon him as a persistent violent felony offender.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the trial court properly denied his application to proceed *pro se.* When such a request is made after commencement of the trial, a defendant is not entitled to proceed *pro se* absent compelling circumstances *(see, People v McIntyre,* 36 NY2d 10; *People v Branch,* 155 AD2d 473). Here, the defendant's application was untimely, as it was not made until after completion of the People's direct case. The record fails to reveal compelling circumstances which would have warranted granting his application, particularly in view of his disruptive behavior throughout the proceedings.

The defendant failed to object at trial to the allegedly improper cross-examination of him by the prosecutor. Consequently, this issue is unpreserved for appellate review *(see,* CPL 470.05; *People v Watts,* 154 AD2d 723), and we decline to reach it in the interest of justice. With respect to the defendant's claim of prejudice resulting from the prosecutor's summation, we note that the court issued a curative instruction with respect to one of the remarks, and, in the absence of any further objection, must be deemed to have corrected the error to the defendant's satisfaction *(see, People v Williams,* 46 NY2d 1070). We find that the remaining challenged remarks did not deprive the defendant of a fair trial, as they were responsive to the defense counsel's summation and did not exceed the bounds of fair comment on the evidence *(see, People v Rivera,* 158 AD2d 723).

The People met their burden of proof that the defendant was a persistent violent felony offender *(see,* CPL 400.16), and the defendant's contention that the determination was based on inadmissible evidence is without merit. We do not find the sentence imposed to be excessive *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contention with respect to the court's questioning of him is without merit. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.