■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARLIE RIESS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 2, 1988, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

In April 1988, defendant was indicted for grand larceny in the third degree. It was alleged in the indictment that during the period between January 28, 1987 and December 23, 1987, defendant stole property in excess of $3,000 from her employer, T & A Roofing Company. At trial, the People introduced into evidence various originals and microfilmed copies of 46 of the company's checks which defendant had allegedly written to herself without authorization. Defendant, testifying

on her own behalf, acknowledged that four of the checks had been written, signed and endorsed by her, but stated that they represented overtime pay authorized by her supervisor. Defendant denied either signing or endorsing the remaining 42 checks.

At the close of proof, defendant requested that County Court charge the lesser included offense of petit larceny, which request was granted. Over defendant's objection, the court also charged the lesser included offense of grand larceny in the fourth degree, of which defendant was ultimately convicted. County Court then sentenced defendant to an indeterminate term of imprisonment of 1 to 4 years and ordered restitution in the amount of $3,000. This appeal followed.

Defendant's primary contention on appeal is that County Court abused its discretion in submitting to the jury the lesser included offense of grand larceny in the fourth degree. Although defendant does not dispute that grand larceny in the fourth degree is a lesser included offense of grand larceny in the third degree (see, CPL 1.20 [37]), she claims that no reasonable view of the evidence presented at trial supports a finding that she committed the lesser offense but not the greater. We disagree. Pursuant to Penal Law §§ 155.35 and 155.30 (1), a person is guilty of grand larceny in the third degree when the value of the stolen property exceeds $3,000 and guilty of grand larceny in the fourth degree when the value of the stolen property exceeds $1,000. Had the jury in this case believed that defendant issued all 46 checks, totaling $10,215.67, without authorization, it would have been required to convict defendant of grand larceny in the third degree. However, the record establishes that a substantial number of the microfilmed copies of the checks presented by the People were unclear and/or illegible. Thus, there was a rational basis on which the jury could reject any of the ambiguous checks as proof, but still accept so many of the checks as would establish the lesser included offense of grand larceny in the fourth degree (see, People v Blim, 63 NY2d 718, 720; People v Scarborough, 49 NY2d 364, 369-370; see also, People v Glover, 57 NY2d 61, 63-64). Accordingly, we find that County Court's charge was proper.

Defendant next contends that County Court erred in denying her motion for a mistrial after the prosecution elicited testimony from a witness indicating that defendant had periodically increased her weekly pay without authorization, a criminal act not charged in the indictment. In our view, however, any prejudice which may have resulted from the

brief exchange was alleviated by the court's prompt curative instructions *(see, People v Young,* 48 NY2d 995, 996; *People v Nagi,* 153 AD2d 964, 965; *People v Morgan,* 116 AD2d 919, *cert denied* 476 US 1120). Considering the single question and answer in light of the entire testimony and the curative instructions, we cannot conclude that it was of such a magnitude as to have denied defendant a fair trial *(see, People v Nagi, supra; People v Patterson,* 83 AD2d 691, 692).

Finally, we disagree with defendant's remaining contention that her sentence is harsh and excessive.

Judgment affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.