■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BLACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner,

J.), rendered May 12, 1989, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]). The evidence adduced at trial established that the defendant acted with the mental culpability necessary to commit the crimes charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crimes (see, Penal Law § 20.00). The victim testified that the defendant entered the liquor store in which she was working and asked for a bottle of rum. Shortly thereafter, a second man entered the store, displayed a gun, and announced a stick up. The victim testified that the defendant kept "bobbing back and forth in front of [her]" so as to obstruct her view of the man with the gun; that the defendant "escorted" her to the back room when the man with the gun yelled for her to go into the back room; that she saw the defendant and the gunman standing near the open cash register; and that the defendant left the store with the gunman, after which, she discovered $470 missing from the cash register. Because a rational trier of fact could have reasonably credited the testimony of the victim and because the testimony adduced at trial was more than sufficient to establish all of the elements of the crimes charged, there is no basis for disturbing the verdict of guilt (see, People v Mustafa, 132 AD2d 628, 629; People v Molina, 127 AD2d 796, 797).

The defendant's contention that the prosecutor's remarks in his opening and closing statements deprived him of his right to a fair trial has not been preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 251), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

We have reviewed the defendant's contention that he was denied the effective assistance of counsel and find it to be without merit (see, People v Baldi, 54 NY2d 137). Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.