■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 9, 1990, convicting him of sodomy in the first degree (two counts) and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). The defendant's contention that the testimony of the prosecution's witnesses, including that of the eight-year-old victim, was so incredible that the jury should not have believed their testimony is without merit. It is settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). In the instant case, the complainant described her attack in detail and was subjected to extensive cross-examination. Any discrepancies in the testimony cited by the defendant are too insignificant to detract from the jury's implicit resolution of the issue of credibility in favor of the People's witnesses (see, People v Danza, 127 AD2d 781, 782; cf., People v Vargas, 126 AD2d 764, 765). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Further, the prosecutor's opening statement and summation did not deprive the defendant of a fair trial. Most of the claimed improprieties have not been preserved for review as a matter of law (see, CPL 470.05 [2]; People v Balls, 69 NY2d 641, 642; People v Black, 171 AD2d 799), or the court issued adequate curative instructions with respect thereto which were not objected to (see, People v Walker, 168 AD2d 525), or were responsive to the defense counsel's summation and did not exceed the bounds of fair comment on the evidence (see, People v Galloway, 54 NY2d 396, 398-399; People v Walker, supra).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.