Contrary to the defendant's contention that the prosecutor vouched for the credibility of the witnesses and referred to facts not in evidence, these comments were either a fair response to defense counsel's summation *(see, People v Rodriguez,* 159 AD2d 356, 357; *People v Rodriguez,* 140 AD2d 723, 724; *People v Switzer,* 115 AD2d 673, 673-674; *People v Gilmore,* 106 AD2d 399, 401) or concerned permissible inferences to be drawn from the evidence. Additionally, while the prosecutor's comments regarding the unrefuted testimony of the People's witnesses may have drawn attention to defendant's failure to testify, the court promptly delivered curative instructions and rendered harmless any possible impropriety *(see, People v Lynch,* 145 AD2d 440; *People v Allen,* 135 AD2d 823; *see also, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contention is unpreserved for appellate review *(see, People v Dixon,* 165 AD2d 832), and we decline to review it in the exercise of our interest of justice jurisdiction. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.

■ The People of the State of New York, Respondent, v Osvaldo Garcia Vargas, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered January 4, 1989, convicting him of robbery in the first degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On his direct examination, the defendant testified that the instant incident occurred while he was on parole, and that the arresting officer decided to arrest him only after the officer learned that the defendant was on parole. Therefore, the trial court did not improvidently exercise its discretion by permitting the prosecutor to attack the defendant's credibility on cross examination by asking him a few questions concerning the effect of a conviction in this case on his parole status *(see,*

*People v Chaitin,* 61 NY2d 683, 684-685; *People v Brown,* 157 AD2d 790, 791; *People v Watts,* 154 AD2d 723, 724; *People v McCullough,* 141 AD2d 856, 858; *cf., People v Astacio,* 131 AD2d 684).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]), and in any event, are without merit. Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.