◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIA LIKHTIK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered March 28, 1990, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and a statement by the defendant.

Ordered that the judgment is affirmed, and that the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The victim in this case is a designer of jewelry. On January 10, 1988, he was robbed of the bulk of his collection, worth approximately $1,500,000. The robbery was carried out by four individuals, two masked and two unmasked.

On January 15, 1988, the victim hired a private investigator to assist him in the recovery of his jewels. The victim, the

investigator, and a third person, later discussed possible suspects, and the suspicion of the investigator eventually focused on the defendant, who worked in a factory owned by an individual whom the victim suspected was the mastermind of the crime.

The three men devised a plan in order to provide the victim with an opportunity to observe the defendant. Pursuant to this plan, on February 3, 1988, the defendant was lured out of his apartment building onto the street, photographed by the investigator, and identified by the victim as one of the two unmasked perpetrators. The victim made this identification through a pair of binoculars, and only after having had some difficulty in focusing on the defendant.

On February 5, and again on February 9, 1988, the victim examined the photographs taken by the investigator. On February 15, 1988, the victim notified a police detective assigned to the case that he believed the defendant was one of the robbers. On March 15, 1988, the detective and another officer went to the defendant's building and, after the defendant had been pointed out by the victim, placed him under arrest.

Contrary to the defendant's contentions, the Supreme Court properly refused to suppress evidence of the showup identification procedures of February 3, 1988, and March 15, 1988, and the spontaneous statement made by the defendant at the station house later that day. The showup February 3, 1988, and the intervening photographic identification procedures conducted on February 5, 1988, and February 9, 1988, respectively, were not police-sponsored (see, People v Samuels, 162 AD2d 559; People v Thornton, 157 AD2d 758; People v Darnell, 146 AD2d 583; People v Kennedy, 128 AD2d 549; People v Medina, 111 AD2d 190). The showup procedure of March 15, 1988, was merely confirmatory (see, People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543, 552). Also, the statement made by the defendant later that day was spontaneous, since the officer's remark "hey you" was not one which could reasonably have been expected to provoke an inculpatory statement (see, People v Rivers, 56 NY2d 476; People v Maerling, 46 NY2d 289).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Further review in the exercise of our interest of justice jurisdiction is not warranted in this case. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.