■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIS MCALLISTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 17, 1989, convicting him of murder in the second degree, criminal possession of a weapon in the

second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to adduce legally sufficient evidence of his intent to commit murder in the second degree. As the defendant did not raise a specific objection on this ground in his motion for a trial order of dismissal, the issue is not preserved for appellate review (see, CPL 470.05 [2]; *People v Colavito*, 70 NY2d 996; *People v Bynum*, 70 NY2d 858). In any event, viewing the evidence adduced at the trial in the light most favorable to the People (see, *People v Contes*, 60 NY2d 620), which included the testimony of three eyewitnesses, who had known the defendant from the neighborhood, and testified to consistent versions of the shooting, there was legally sufficient proof to establish the defendant's guilt beyond a reasonable doubt. Moreover, the defendant's contention that the three eyewitnesses' trial testimony should not have been believed by the jury, due to either minor inconsistencies or prior criminal convictions, is without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Dubose*, 147 AD2d 585; *People v Garafolo*, 44 AD2d 86, 88). Here, the jury heard all of the testimony and concluded that the version of the crime presented by the People's witnesses was accurate (see, *People v Gloster*, 175 AD2d 258, 262). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.