■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCHWERBEL, Appellant. [638 NYS2d 198] —Yesawich Jr., J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered August 23, 1994, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree and unlawful imprisonment in the second degree.

At about 4:00 P.M. on July 4, 1992, defendant entered the home of Gerard Van Holsteyn and, upon discovering his estranged wife (hereinafter the victim) there, forcibly removed her from the premises against her will. Initially charged with burglary in the second degree, unlawful imprisonment in the second degree and assault in the third degree, defendant was ultimately acquitted of the burglary and assault charges, but convicted of unlawful imprisonment and criminal trespass in the second degree, which had been charged as a lesser included offense of the burglary count. Sentenced to one year in jail, defendant appeals.

Defendant contends that County Court erred in allowing the prosecutor to elicit testimony, during the People's case-in-chief, with regard to certain threatening and violent acts defendant had previously committed against the victim, and in modifying

its original ruling* to allow further questioning, along similar lines, during defendant's cross-examination, and in rebuttal. We are not persuaded. The court initially held that the People would be allowed to introduce evidence of defendant's behavior toward the victim (but not toward Van Holsteyn), during some 18 months prior to the incident, for the sole purpose of proving his intent to commit a crime upon entering Van Holsteyn's dwelling (a necessary element of the burglary count). This was not improper (*see, People v Alvino*, 71 NY2d 233, 242-243).

And, once defendant testified, on direct examination, regarding events that had purportedly occurred in the days preceding the incident—events suggesting that he and the victim had been getting along well, that she would have been likely to accompany him of her own volition and that he intended nothing more than to speak with her when he entered Van Holsteyn's house—he opened the door to the presentation of further evidence bearing on the actual state of their relationship (*see, People v Watts*, 154 AD2d 723, 724, *lv denied* 75 NY2d 777). Although a court should not, ordinarily, modify a *Sandoval* or *Ventimiglia* ruling once a defendant has taken the stand or prepared a defense in reliance thereon, such is not the case where, as here, the latter has testified in a manner that is likely, in the absence of a modification, to mislead the jury with respect to the precluded evidence (*see, People v Fardan*, 82 NY2d 638, 646; *People v Johnson*, 203 AD2d 588, 589, *lv denied* 83 NY2d 1004; *People v Morgan*, 171 AD2d 698, 699, *lv denied* 78 NY2d 971).

Defendant also contends that the testimony elicited on rebuttal constituted improper impeachment of his testimony on collateral matters, but we disagree. Inasmuch as the nature of the parties' prior interactions was directly probative of defendant's intent upon entering the Van Holsteyn dwelling, this evidence was not merely collateral, but went directly to the merits of the case; hence, it was entirely proper to permit the People to disprove defendant's denial of previous confrontations by means of rebuttal evidence (*see, People v Schwartzman*, 24 NY2d 241, 246, *cert denied* 396 US 846).

Significantly, any undue prejudice that might have been engendered by receipt of the evidence in question was eliminated by County Court's clear and correct limiting instruc-

---

* Though defendant couches his argument in terms of the *Sandoval* ruling, that ruling was in his favor and was not modified; no evidence of defendant's prior conviction was received. Rather, it is clear that his objections are actually directed to the court's rulings with respect to prior uncharged crimes or bad acts.

tions, which were given both when the testimony was presented and again in the final charge to the jury. In any event, it is plain that the testimony at issue had little, if any, impact on the verdict, for defendant was not only acquitted of the charge of burglary, the only crime with respect to which the jury was told it could consider the evidence of his prior bad acts, but also of the assault, the crime as to which the testimony in question was most arguably prejudicial.

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Greene County for further proceedings pursuant to CPL 460.50 (5).

