# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**73**

**KA 10-02428**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JETONE JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 8, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [1]), defendant contends that reversal is required because the record fails to establish whether Supreme Court provided a meaningful response to the jury's request for exhibits. Defendant did not preserve that contention for our review and, in any event, there is no evidence in the record that the court did not comply fully with the jury's request (*see People v Snider*, 49 AD3d 459, 459, *lv denied* 11 NY3d 795, citing *People v Kisoon*, 8 NY3d 129, 135; *see generally People v O'Rama*, 78 NY2d 270, 276). Defendant's suggestion to the contrary is based solely on speculation.

Defendant further contends that the conviction is not supported by legally sufficient evidence. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). The evidence established that the victim, who had known defendant for several years, observed him seated with another man in a truck at a gas station, drinking from a Grey Goose vodka bottle that was partially wrapped in a paper bag. After a short conversation between defendant and the victim, defendant exited the truck and struck the victim in the head with a hard object. A struggle ensued and, while the victim was on the ground, defendant or his companion stole cash, a cell phone and a pack of Newport cigarettes from the victim's pockets. Although the victim did not see the object that defendant used to strike him,

defendant believed that it was the vodka bottle. After defendant drove away, the victim called 911 and reported the crime.

Within 20 minutes, the police observed defendant and his codefendant in a vehicle matching the description of the robbers' vehicle provided by the victim. The vehicle was parked on a street approximately a quarter of a mile from the crime scene. Upon investigation, the police learned that the victim's cell phone was in the vehicle, along with a pack of Newport cigarettes and a bottle of Grey Goose vodka. Another Grey Goose bottle was found on the grass next to the vehicle. The victim then identified defendant in a prompt showup procedure. While defendant was in a holding room at the police station following his arrest, a police investigator heard defendant saying to his codefendant, "Man, I should have thrown the phone out," or words to that effect.

The above evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction. Although the victim did not see defendant strike him with a Grey Goose bottle, which constitutes a dangerous instrument under these circumstances (*see People v Joseph*, 23 AD3d 174, 175, *lv denied* 6 NY3d 777; *People v Soumik*, 244 AD2d 584, 584, *lv denied* 91 NY2d 897), the evidence is legally sufficient to establish that defendant used the Grey Goose vodka bottle to attack defendant from behind in order to steal his property (*see People v Jacobs*, 188 AD2d 897, 898, *lv denied* 81 NY2d 887; *People v Carey*, 180 AD2d 431, 432, *lv denied* 79 NY2d 998; *cf. People v McBride*, 203 AD2d 85, 86, *lv denied* 83 NY2d 912). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d 495). Although a different verdict would not have been unreasonable, upon independently "weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony," we conclude that the jury did not fail to give the evidence the weight it should be accorded (*People v Rayam*, 94 NY2d 557, 560 [internal quotation marks omitted]).

Defendant further contends that he was deprived of a fair trial by various erroneous evidentiary rulings made by the court, some of which were of constitutional dimension. Defendant failed to preserve for our review his contentions with respect to the alleged errors (*see* CPL 470.05 [2]). In any event, even assuming, arguendo, that the court erred in one or more of its evidentiary rulings, we conclude that "there is overwhelming proof of the defendant's guilt and no reasonable possibility that the error[s] might have contributed to the defendant's conviction" (*People v Khan*, 200 AD2d 129, 139-140, *lv denied* 84 NY2d 937; *see generally People v Crimmins*, 36 NY2d 230, 237). We reject defendant's further contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). We have reviewed defendant's contention concerning venue and conclude that it does not require reversal or modification of the judgment.

We agree with defendant, however, that the court erred in failing to rule on those parts of his pretrial motion seeking inspection of the grand jury minutes and seeking dismissal of the indictment on the ground that the integrity of the grand jury proceedings was impaired (*see People v Spratley*, 96 AD3d 1420, 1421).  The record does not reflect that the court ever ruled on defendant's motion, and a failure to rule on a motion cannot be deemed a denial thereof (*see id.; see also People v Concepcion*, 17 NY3d 192, 197-198).  We therefore hold the case, reserve decision and remit the matter to Supreme Court to decide those parts of defendant's motion.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court