# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1067
KA 10-02428
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                         MEMORANDUM AND ORDER

JETONE JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 8, 2010.  The appeal was held by this Court by order entered February 8, 2013, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (103 AD3d 1215).  The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  We previously held this case, reserved decision and remitted the matter to Supreme Court to rule on defendant's motion to inspect the grand jury minutes and to dismiss the indictment due to allegedly defective grand jury proceedings, and we rejected defendant's remaining contentions (*People v Jones*, 103 AD3d 1215, *lv dismissed* 21 NY3d 944).  Upon remittal, the court inspected the grand jury minutes and denied defendant's motion for disclosure of the minutes and to dismiss the indictment.  We affirm the judgment.  The court did not abuse its discretion in denying defendant's request to review the grand jury minutes (*see generally Matter of Lungen v Kane*, 88 NY2d 861, 862-863; *People v Douglas*, 288 AD2d 859, 859, *lv denied* 97 NY2d 681) and, having reviewed the grand jury minutes, we conclude that the court properly refused to dismiss the indictment.  The minutes demonstrate that the prosecutor properly instructed the grand jurors and that the proceedings were not otherwise defective (*see generally People v Hebert*, 68 AD3d 1530, 1533-1534, *lv denied* 14 NY3d 841).

Entered:  December 27, 2013                           Frances E. Cafarell
                                                      Clerk of the Court