■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered January 31, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although no objection was raised at trial when the court informed the defendant and his attorney that it had answered, outside of their presence, a question put to it by the deliberating jury, we are nonetheless called upon to consider the claim of error raised by the defendant on appeal because of the fundamental nature of the right implicated when the jury receives instructions in the defendant's absence *(see, People v Mehmedi,* 69 NY2d 759; *People v Ciaccio,* 47 NY2d 431, 436-437). Clearly, the court's conduct was improper *(see,* CPL 310.30), and would mandate a reversal if the communications had been of such a nature as to have potentially influenced the jury's deliberations *(see, People v Mehmedi, supra; People v Ciaccio, supra).* At bar, however, the communication con-

cerned only a minor procedural matter; it therefore cannot be said that the defendant was absent during a material part of the trial *(cf., People v Mehmedi, supra)*. Nor can it be said that the communication otherwise affected a substantial right of the defendant *(cf., People v Mullen,* 44 NY2d 1, 4-5; *People ex rel. Lupo v Fay,* 13 NY2d 253, 256-257). Reversal is therefore unwarranted.

With respect to the defendant's remaining contention, we find the claimed "bias" in the manner in which the court's instructions incorporated the evidence insufficient to have deprived the defendant of a fair trial *(see, People v Saunders,* 64 NY2d 665). The evidence of guilt in this case was compelling, and the lack of "balance" of which the defendant complains is traceable primarily to the fact that nearly all of the testimony adduced at trial pointed to his guilt while hardly any facts emerged that could be considered exculpatory. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.