■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY L. STERLING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 26, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 12½ to 25 years' imprisonment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is modified, on the law, by reducing the sentence to an indeterminate term of 8⅓ to 25 years' imprisonment; as so modified, the judgment is affirmed.

The court's preliminary screening of prospective jurors prior to the completion of the defendant's *Wade* hearing and before a decision was rendered on that branch of his omnibus motion which was to suppress certain identification evidence did not violate the defendant's rights under CPL 710.40 (3) as defense counsel was not compelled to commence his jury selection prior to the determination of the suppression motion (see, *People v Blowe*, 130 AD2d 668). Furthermore, the hearing

court's determination that an eyewitness by the name of Cambridge, who had observed the defendant for five minutes in broad daylight at the time the instant crime occurred, had an independent source upon which to base his in-court identification of the defendant is amply supported by the record and will not be disturbed by this court (see, People v Johnson, 129 AD2d 739; People v Smalls, 112 AD2d 173).

We note that while it was improper for the trial court to provide the jury with written instructions in the defendant's absence (see, CPL 310.30) and that such conduct would mandate reversal if the communications had been of such a nature as to have potentially influenced the jury's deliberations (see, People v Mehmedi, 69 NY2d 759, rearg denied 69 NY2d 985; People v Ciaccio, 47 NY2d 431), here, as in People v Moore (129 AD2d 590, 591, lv denied 70 NY2d 651), "the communication concerned only a minor procedural matter; it therefore cannot be said that the defendant was absent during a material part of the trial (cf., People v Mehmedi, supra)". Furthermore, the defendant's absence at that time and when the court heard argument from defense counsel on that procedural matter did not affect a substantial right of the defendant (cf., People v Mullen, 44 NY2d 1, 4-5; People ex rel. Lupo v Fay, 13 NY2d 253, 256-257, mot to amend remittitur granted 13 NY2d 1178, cert denied 376 US 958).

The defendant's sentence has been modified to the extent indicated because the court, under these circumstances, was required to impose a minimum term of imprisonment equal to one third of defendant's maximum term (Penal Law § 70.02 [4]). We have reviewed the defendant's remaining contentions, including the one raised in his supplemental pro se brief, and have found them to be unpreserved for appellate review or without merit. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.