■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY BROCK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered May 17, 1983, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Broomer, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

The defendant was charged in a multicount indictment for crimes arising out of his alleged participation in the robbery of a cab driver on August 30, 1982. By a voluntary disclosure form, the People notified the defendant, *inter alia,* of an oral statement allegedly made by him to a police officer which they intended to offer against him at trial. That form described the statement as *"substance* I was in cab with Joseph Brown, had no idea Brown was [not] going to pay for ride. When I found that out I got out of cab". A hearing to determine, *inter alia,* the voluntariness of this statement was thereafter held on March 2, 1983.

At that hearing, Detective Bertolini testified that she arrested the defendant on September 6, 1982, and immediately read him the *Miranda* warnings. A short time later, at the precinct, the defendant gave essentially the statement set forth on the voluntary disclosure form. The hearing court found that the statement had been voluntarily made, based in part upon a valid waiver of the defendant's *Miranda* rights, and the exculpatory statement was ruled admissible. The case then proceeded to trial.

At trial, however, Detective Bertolini, after testifying to the facts surrounding the arrest of the defendant, then testified that the defendant at first denied that he had been in the cab, and only later gave the statement that he had in fact been present, but had left before the robbery and had no knowledge of it. This additional statement was volunteered by the police officer; it was not elicited by the prosecutor. The defendant moved for a mistrial on the ground that no notice had been given to him of this additional alleged statement as required in CPL 240.20. Decision on the motion was reserved, and a vigorous cross-examination of the detective revealed to the jury that she had never previously testified to this statement, nor had it been included on any of the numerous reports. Ultimately, the trial court denied the defendant's motion for a mistrial, but instructed the jury that Bertolini's testimony that the defendant had initially denied being in the cab was to be excluded from their deliberation. An explicit instruction to disregard stricken testimony was set forth in the court's charge.

CPL 240.70 (1) permits the court, *inter alia,* to take "appropriate action" when faced with a failure to comply with the discovery statutes. Under the circumstances of this case, particularly where the statement was volunteered by the witness and there was no claim of any misconduct by the prosecution, we cannot find that the failure to grant a mistrial was an abuse of discretion. The trial court properly chose a less drastic remedy which fully protected the defendant's rights *(see, People v Kelly,* 62 NY2d 516, 521; *People v Herrera,* 136 AD2d 567, 568).

Nor is the defendant entitled to reversal on the ground that the People failed to notify him of the existence of a potentially suppressible statement, in violation of CPL 710.30. Although generally the introduction of such a statement would warrant reversal *(see, People v Spruill,* 47 NY2d 869; *People v Briggs,* 38 NY2d 319), in the instant case, we determine that the error was harmless *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). As noted, the People did not intend to elicit the statement in question, but it was volunteered by a police officer. There is nothing in the record to indicate bad faith on the part of the prosecutor. Further, the amplified statement in question was allegedly made at the same time and under the same circumstances as the statement of which the defendant was, in fact, given the required notice, and the hearing court determined that the statements so given were voluntary and admissible. Under these circumstances, the admission of the

statement, which, in fact, added little to the People's case, was harmless *(see, People v Roopchand, supra).*

We have considered the defendant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson, and Brown, JJ., concur.