■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CHARLES BEAM, SR., Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in refusing to impose sanctions upon the prosecution for neglecting to turn over *Brady* material until the commencement of the trial. Defense counsel requested an adjournment so that he could review the *Brady* material and the court granted the adjournment. Dismissal or preclusion of testimony is too harsh a sanction "where less severe measures can rectify the harm done" *(People v Kelly,* 62 NY2d 516, 521; *see also, People v Nelson,* 144 AD2d 714, *lv denied* 73 NY2d 894; *People v Eleby,* 137 AD2d 708, *lv denied* 71 NY2d 1026). Here, the grant of an adjournment was the proper, less severe measure.

It was proper to permit the victim to testify to a previous sexual assault upon her by defendant because defense counsel opened the door to such testimony by attempting to show that she was biased against defendant. "Where a witness has been attacked on the ground of his interest or bias, the party introducing him is entitled to introduce evidence tending to show the nature and extent of such interest or bias, or to explain, counteract, or justify it" (98 CJS, Witnesses, § 571 [a]; *see also, People v Wood,* 201 NY 158, 162; *People v Wenzel,* 189 NY 275, 283-284; *People v Sandow,* 133 Cal App 559, 24 P2d 521). The facts in this case are similar to those in *Bracey v United States* (142 F2d 85, 89, *cert denied* 322 US 762). There, in a prosecution for sexual molestation by a parent upon his child, the defense attorney, in cross-examining the victim, asked her whether she liked her father. The appellate court held that the trial court properly exercised its discretion in permitting the prosecutor to show, on redirect examination, that the reason the child did not like her father was that he had done the same thing to her before.

We find no merit to defendant's argument that there should

be a reversal because he was absent during a material part of the trial. When the foreman appeared before the court and counsel, in defendant's absence, the court did not give instructions to the jury and the communications between the court and the foreman were not of such a nature as to have potentially influenced the jury's deliberations *(see, People v Sterling,* 141 AD2d 680, 681, *lv denied* 73 NY2d 790; *People v Moore,* 129 AD2d 590, 591, *lv denied* 70 NY2d 651). (Appeal from judgment of Steuben County Court, Purple, J.—sexual abuse, first degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.