■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HALL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court erred in failing to strike defendant's inculpatory statements to a police officer on the ground that they were not disclosed before trial pursuant to CPL 710.30 and 240.20. Because the contested statements were not the product of police questioning, but rather were spontaneous and voluntary, the People were not required to give notice to defendant of the statements pursuant to CPL 710.30 *(see, People v DeBlase,* 142 AD2d 926; *People v McFadden,* 126 AD2d 970, *lv denied* 69 NY2d 953). We agree, however, with defendant that the People violated defendant's discovery demand by failing to disclose those inculpatory statements *(see,* CPL 240.20 [1] [a]). Defendant requested that the court direct sanctions of either striking the statements or granting a mistrial because of the People's failure to comply with his discovery request *(see,* CPL 240.70).

Those sanctions are not warranted where, as here, a simple adjournment or continuance, if requested by defense counsel, would have been sufficient to negate any prejudice to defendant caused by the People's failure to disclose *(see, People v Beam,* 161 AD2d 1153; *People v Nelson,* 144 AD2d 714, 716, *lv denied* 73 NY2d 894; *People v Eleby,* 137 AD2d 708, 709). Given those circumstances, the People's failure to disclose the statements to defendant does not warrant reversal *(see, People v Herrera,* 136 AD2d 567, 568-569, *lv denied* 70 NY2d 1007).

Defendant also contends that prosecutorial misconduct on summation requires reversal. He asserts that the prosecutor impermissibly suggested on summation that, if defendant did not believe that the People's blood alcohol test was valid, he could have had an expert test the blood sample. Although it was improper for the prosecutor to suggest that defendant had any burden on that issue, reversal is not mandated because the court's curative instruction dispelled any prejudicial effect *(see, People v Galloway,* 54 NY2d 396; *People v Singleton,* 109 AD2d 763, *lv denied* 65 NY2d 930). (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Manslaughter, 2nd Degree.) Present—Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.