■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GANT, JR., Appellant. [606 NYS2d 88] —Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered August 12, 1991, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant complains that the procedures provided with respect to material witnesses in CPL 620.30 were violated because the application, which was not in writing and sworn, was invalid. The record reveals that the witness Curtis Johnson appeared as a rebuttal witness for the prosecution voluntarily and despite his material witness status. Defendant can claim no prejudice if the proper material witness procedure was denied to Johnson. The one adversely affected by such improper procedure is Johnson himself, not defendant. Presumably, the testimony rendered by this witness would be the same and have the same effect regardless of the manner by which he was required to appear. In any event, there has been no showing of a significant probability that the jury would have acquitted defendant had it not been for the alleged error *(see, People v Crimmins,* 36 NY2d 230, 242).

We further find no merit in defendant's claim that a juror was improperly dismissed as grossly unqualified. Defendant not only failed to object at trial to the dismissal, but the dismissal was on defendant's motion. Thus the error, if any, was not preserved for our review *(see,* CPL 470.05 [2]). For the same reason, defendant cannot complain that he did not receive timely notice under CPL 250.20 of the prosecution's intent to use Johnson as an alibi witness *(see,* CPL 470.05 [2]). Lastly, we find no merit in defendant's claim of ineffective assistance of counsel. The record reveals that defendant was provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). In the totality of circumstances, the representation was effective. Accordingly, the judgment of conviction should in all respects be affirmed.

Weiss, P. J., Cardona, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.