■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN W. GRANT, Appellant. [681 NYS2d 98] —Crew III, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered March 7, 1997, upon a verdict convicting defendant of the crime of rape in the second degree.

On August 20, 1996 defendant, a 27-year-old male, was indicted and charged with a single count of rape in the second degree arising out of his sexual intercourse with a 13-year-old female. Following a jury trial, defendant was found guilty as charged and sentenced to an indeterminate term of imprisonment of 1 1/3 to 4 years.

On this appeal, defendant's primary contention is that the verdict, while legally sufficient, is against the weight of the evidence. We disagree. It is now clear that where it would not have been unreasonable for a jury to make a finding different than it did, this Court must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62). In doing so, however, we must be mindful that the jury's determination is to be accorded great weight and should not be disturbed unless clearly unsupported by the record (*see, People v Fernandez*, 248 AD2d 801, 801-802). While there was conflicting testimony in the case at bar, it is clear from the verdict rendered that the jury credited the victim's testimony over that of defendant and his witnesses and we find nothing in the record to persuade us that it was improvident for the jury to do so.

With regard to the myriad of alleged errors assigned to the trial by defendant, we find only one to be meritorious. During

the direct examination of State Police Investigator Joseph Valentine, he was asked if he spoke with the victim, in response to which he stated, "[a]s a result of this conversation it was learned that a rape of [the victim] had occurred on the night of March 8th". Defendant is correct that this constituted error in that the Investigator testified to an ultimate issue in the case. We disagree, however, with defendant's assertion that County Court erred in failing to grant a mistrial based upon that statement. Here, upon defendant's objection, County Court gave a prompt curative instruction and, upon denial of the motion for a mistrial, gave further comprehensive curative instructions. In view of those instructions and the fact that there is no evidence to indicate that the Investigator's statements were the product of any improper conduct by the prosecutor, County Court properly denied defendant's motion for a mistrial (*see, People v Naqi,* 153 AD2d 964, 965; *People v Celeste,* 95 AD2d 961, 963). We have reviewed defendant's remaining contentions, including his assertion that his sentence was harsh and excessive, and find them all to be equally without merit.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Otsego County for further proceedings pursuant to CPL 460.50 (5).