■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA PEAKE, Appellant. [788 NYS2d 501]—

Rose, J. Appeal from a judgment of the County Court of Essex County (Ryan, J.), rendered June 18, 2003, upon a verdict convicting defendant of the crime of perjury in the first degree.

In March 2001, defendant testified before two grand juries that her brother-in-law, Dale Peake, and his fiancée, Tracy Atkins, had admitted to her that they robbed a convenience store in 1998. Defendant later gave similar testimony in the trial of Atkins, who was convicted of robbery in the first degree. Shortly before Peake's trial, however, defendant assured Peake that she had decided not to testify against him and notified the District Attorney that she did not wish to testify because it would cause problems in her family. When required to appear at Peake's trial pursuant to a material witness warrant, defendant testified that she could no longer recall the admissions because she suffered from memory loss attributable to her psychological disorders and medications. Peake was acquitted.

In December 2002, defendant was charged with perjury in the

first degree for stating under oath that she could not recall the admissions she had testified to previously. At trial, before resting its case, the prosecution obtained County Court's permission to call its psychiatric expert, Robert Berger, as a witness in rebuttal to any psychiatric evidence the defense might present. Berger had been unable to examine defendant before the trial and did so only after the People had rested, but before the defense put in its case. The defense then presented the testimonies of defendant and her treating psychiatrist, John Severinghaus, concerning her alleged memory loss. As the defense was about to rest, the prosecutor announced that Berger would not be needed as a rebuttal witness. The defense then rested and defendant was found guilty.

Defendant now appeals, contending that her trial counsel was ineffective for failing to either call Berger as a defense witness or request a missing witness charge based on the prosecution's decision not to call him. We disagree. Our review of a claim of ineffective assistance of counsel will focus upon whether defendant received meaningful representation and we will not second-guess counsel's legitimate tactical decisions (*see People v English*, 215 AD2d 871, 873 [1995], *lvs denied* 86 NY2d 793 [1995], 87 NY2d 900 [1995]).

There is no evidence in the record that defense counsel's decision to rest without calling Berger as a witness or requesting a missing witness charge was a prejudicial error rather than a reasonable tactical choice. While defense counsel asserted at the later sentencing proceeding that Berger had voiced conclusions favorable to the defense immediately after examining defendant, the record gives no indication of what Berger's actual testimony would have been regarding her claim of amnesia. Since Berger's testimony might have only repeated Severinghaus's opinion that memory loss was merely possible or, at worst, denied defendant's memory loss, counsel's decision not to call Berger appears to be a valid trial strategy rather than neglect or ineffectiveness. In any event, even if counsel's failure to call Berger were error, it would be harmless because there is no showing of a significant probability that the jury would have acquitted defendant if Berger had testified (*see People v Gant*, 199 AD2d 816, 817 [1993]).

As for the failure to request a missing witness charge, we note that County Court would not have been precluded from granting the request even if Berger's testimony would have been similar and, thus, cumulative to that given by Severinghaus (*see Leahy v Allen*, 221 AD2d 88, 92 [1996]). However, if defense counsel had made a timely request for such a charge, then the

prosecution might have offered Berger as a limited rebuttal witness to buttress the prosecution's earlier, effective cross-examination of Severinghaus (*see People v Cruz*, 165 AD2d 205, 207-208 [1991], *lv denied* 77 NY2d 959 [1991]). Perceiving a valid tactical explanation for defense counsel's decisions, we conclude that defendant received meaningful representation.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.