■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACOBS, Appellant. [828 NYS2d 704]—

Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered April 15, 2005, upon a verdict convicting defendant of the crimes of rape in the first degree, attempted criminal sexual act in the first degree and burglary in the second degree.

Following a jury trial, defendant was found guilty of rape in the first degree, attempted criminal sexual act in the first degree and burglary in the second degree stemming from evidence that he broke into the home of an 84-year-old woman in the early morning hours of July 7, 2004 and proceeded to rape her and attempted to force her to perform oral sex on him. At trial, defendant did not deny that he gained entry into the victim's home by cutting a window screen with a knife or that he was naked from the waist down in bed with her. He claimed, however, that he was intoxicated by drugs and alcohol and that he thought he saw his girlfriend enter the victim's house so he went inside to look for her.

Defendant further testified that once inside, he mistook the victim for his 33-year-old girlfriend and got into bed with her naked from the waist down. He further claimed that, upon

discovering that the victim was not his girlfriend, he quickly got out of bed and left the house. Defendant denied laying on top of the victim at any time and denied that his exposed penis was ever near her vagina or mouth. The jury obviously did not credit defendant's testimony. Sentenced to maximum, concurrent prison terms for each conviction, which included a 25-year prison term for the rape conviction, defendant appeals. We now affirm.

Defendant claims that none of his convictions is supported by legally sufficient evidence. In particular, he claims that there was no evidence of penetration to support the rape conviction (*see* Penal Law § 130.00 [1]), no evidence that he intended to place his penis into the victim's mouth or came dangerously close to doing so to support the attempted criminal sexual act conviction (*see* Penal Law § 130.50 [1]) and no evidence that he intended to commit a crime upon breaking into the victim's home to support the burglary conviction (*see* Penal Law § 140.25 [2]). Upon our review of the evidence, and applying the appropriate standard of review (*see People v Contes*, 60 NY2d 620, 621 [1983]), we are unpersuaded.

To be sure, the elderly victim candidly testified that she "blanked out" during certain portions of the assault. It was established during her testimony, however, that defendant's exposed penis was "in the area of" her vagina as he lay on top of her, that she tried to prevent it from entering her and that she then "blocked everything out." It was further established by the victim that defendant's penis was thereafter near her mouth as he "went up higher on [her]," at which point she "went blank again." Although the victim did not recall actual penetration, she testified that she was sore in her "private area" following the attack.

Moreover, a sexual assault medical examination conducted immediately following the attack revealed two sources of vaginal bleeding and the certified forensic nurse who conducted it opined that these injuries were consistent with penetration. There was further proof that biological fluid on defendant's shorts was tested and determined to contain the DNA of both himself and the victim. His DNA was also found on the victim's bed sheet. Viewing this evidence in a light most favorable to the People, there was indeed a valid line of reasoning and permissible inferences which could lead to the conclusion reached by the jury, namely, that defendant raped the victim that morning (*see e.g. People v Hayes*, 261 AD2d 872 [1999], *lv denied* 93 NY2d 1019 [1999]; *People v Banks*, 190 AD2d 623 [1993], *lv denied* 81 NY2d 967 [1993]; *cf. People v Carroll*, 95 NY2d 375,

383 [2000]) and also intended to place his penis into her mouth and came dangerously close to doing so (*see e.g. People v Hamilton*, 256 AD2d 922, 923 [1998], *lv denied* 93 NY2d 874 [1999]; *People v Rua*, 198 AD2d 311 [1993]; *People v Robare*, 109 AD2d 923, 924 [1985], *lv denied* 65 NY2d 699 [1985]).* As to the burglary conviction, the element of intent to commit a crime could be inferred from the manner of defendant's entry into the victim's home, with the jury obviously rejecting the implausible explanation offered by defendant (*see People v Brown*, 24 AD3d 812, 813 [2005], *lv denied* 6 NY3d 774 [2006]; *People v Rivera*, 301 AD2d 787, 789 [2003], *lv denied* 99 NY2d 631 [2003]; *see also People v Mackey*, 49 NY2d 274, 278-281 [1980]).

Next, we find no abuse of discretion in County Court's denial of defense motions for a mistrial inasmuch as the court's prompt, curative instruction for the jury to disregard testimony pertaining to an undisclosed inculpatory statement by defendant was sufficient to alleviate any prejudice to him, particularly in the absence of willful misconduct by the People (*see People v Hall*, 181 AD2d 1008, 1009 [1992], *lv denied* 79 NY2d 948 [1992]; *People v Brock*, 143 AD2d 678, 679 [1988]). We are also unpersuaded that defendant's sentence is harsh or excessive. Finally, the arguments contained in his pro se brief have been considered and found to be without merit.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* Contrary to defendant's argument, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are likewise satisfied that the verdict on the rape count was not against the weight of the evidence.