THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY G. HOPKINS, Appellant. [848 NYS2d 460]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 12, 2004. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree and three violations of the Vehicle and Traffic Law.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, manslaughter in the second degree (Penal Law § 125.15 [1]) and speeding (Vehicle and Traffic Law § 1180 [d]), defendant contends that County Court erred in refusing to suppress the evidence seized from his home because his wife suffered from a disability that rendered her incapable of giving consent to enter the home and the court failed to conduct an inquiry with respect to his wife's disability. We reject that contention. Defense counsel's conclusory assertion concerning the alleged disability of defendant's wife was insufficient to warrant a hearing on that issue (*see* CPL 710.60 [3]; *People v O'Connor*, 242 AD2d 908, 910 [1997], *lv denied* 91 NY2d 895 [1998]). Contrary to defendant's further contention, the court did not abuse its discretion in denying defendant's motion for a *Frye* hearing with respect to the admissibility of the data contained in the sensing diagnostic module (SDM) in

defendant's automobile, which provided information concerning the speed at which defendant was traveling. "A court need not hold a *Frye* hearing where it can rely upon previous rulings in other court proceedings . . . 'Once a scientific procedure has been proved reliable, a *Frye* inquiry need not be conducted each time such evidence is offered[, and courts] may take judicial notice of [its] reliability' " (*People v LeGrand*, 8 NY3d 449, 458 [2007]). "The admissibility of evidence of the data recorded on a[n] SDM has been received into evidence as 'generally accepted as reliable and accurate by the automobile industry and the [National Highway and Traffic Safety Administration]' " (*People v Christmann*, 3 Misc 3d 309, 315 [2004], citing *Bachman v General Motors Corp.*, 332 Ill App 3d 760 [4th Dist 2002]). In any event, even assuming, arguendo, that the court erred in determining that the data in question was admissible, we conclude that the error is harmless. The People otherwise presented the testimony of eyewitnesses and accident reconstruction specialists, as well as defendant's own statement, all of which was consistent with the data in question, and there is no significant probability that defendant would have been acquitted if not for the admission of the data in evidence (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Fahey, Peradotto and Green, JJ.