THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY LUCIE, Appellant. [853 NYS2d 761]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of rape in the first degree (Penal Law § 130.35 [1], [4]), defendant contends that he was denied a fair trial as the result of cumulative errors made by County Court at trial. We reject that contention. In support thereof, defendant contends, inter alia, that the court improperly intruded upon and "bull[ied] the defense" during voir dire. That contention is without merit. Indeed, the record establishes that the court properly questioned certain prospective jurors in an attempt "to elicit some unequivocal assurance" that they

would be able to render a fair verdict (*People v Bludson*, 97 NY2d 644, 646 [2001]; *see* CPL 270.15 [1] [c]). Defendant also contends that the court erred in failing to reopen the suppression hearing in order to present the testimony of the attorney who represented defendant at that hearing. Defendant failed to preserve that contention for our review (*see People v Highsmith*, 259 AD2d 1006 [1999], *lv denied* 93 NY2d 925 [1999]) and, in any event, it lacks merit. The attorney's testimony "would not have changed the hearing's outcome" and thus defendant was not prejudiced by the court's refusal to reopen the suppression hearing (*People v Tucker*, 41 AD3d 210, 212 [2007], *lv denied* 9 NY3d 882 [2007], *cert denied* 552 US —, 128 S Ct 1094 [2008]).

Contrary to defendant's further contention, the court properly allowed the People to elicit testimony with respect to defendant's polygraph examination. The evidence concerning the facts surrounding the examination was relevant with respect to the issue whether defendant's statement was coerced (*see People v Sohn*, 148 AD2d 553, 556 [1989], *lv denied* 74 NY2d 747 [1989]). In addition, although testimony was admitted of the results of the examination, the court gave comprehensive instructions to the jury that the polygraph evidence was to be considered not for its truth or falsity but, rather, was to be considered only with respect to defendant's state of mind and the voluntariness of the statement (*see People v Young*, 186 AD2d 699, 700 [1992], *lv denied* 81 NY2d 767, 850 [1993]).

We reject defendant's further contention with respect to the court's refusal to conduct a *Frye* hearing (*see generally People v Hopkins*, 46 AD3d 1449 [2007]; *People v Rogers*, 8 AD3d 888, 892 [2004]) and the court's ruling allowing the People to introduce evidence concerning defendant's prior uncharged crimes (*see People v De Vito*, 21 AD3d 696, 699 [2005]; *see generally People v Molineux*, 168 NY 264, 293 [1901]). Defendant's remaining contentions concerning the court's alleged cumulative errors are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant failed to preserve for our review his further contention that he was denied a fair trial based on prosecutorial misconduct on summation (*see People v MacLean*, 48 AD3d 1215 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Insofar as defendant contends that the prosecutor improperly inquired into Family Court proceedings, the court sustained defendant's objection before the witness answered the prosecutor's question, and thus

the alleged error must be deemed to have been corrected to defendant's satisfaction (*see People v Williams*, 46 NY2d 1070 [1979]). Defendant further contends that the court erred in denying his motion for a mistrial based on the statement of the Medical Examiner concerning a contributing cause of the victim's death. We reject that contention inasmuch as the record establishes that the testimony was a "surprise to everyone" and not the result of any "willful misconduct by the People" (*People v Jacobs*, 37 AD3d 868, 870 [2007]). Moreover, the court prevented any prejudice to defendant by sustaining his objection, striking the testimony, and providing curative instructions both following defendant's motion and during the court's jury instructions at the close of proof (*see People v Grant*, 254 AD2d 639, 640 [1998], *lv denied* 92 NY2d 1032 [1998]; *see also People Ortiz*, 41 AD3d 276 [2007], *lv denied* 9 NY3d 879 [2007], *cert denied* 552 US —, 128 S Ct 631 [2007]).

Finally, we reject the contentions of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]) and that the court erred in imposing consecutive sentences for the convictions for rape in the first degree and sodomy in the first degree. "[T]he offenses were separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident" (*People v Wynn*, 35 AD3d 283, 284 [2006], *lv denied* 8 NY3d 928 [2007]). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.