■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL HUNTER, Appellant. [866 NYS2d 389]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered March 21, 2007, upon a verdict convicting defendant of the crime of burglary in the second degree.

Following our remittal of this case for a new trial (32 AD3d 611 [2006]), defendant was again convicted of burglary in the second degree and County Court sentenced him, as a persistent violent felony offender, to a prison term of 20 years to life. He now appeals.

The evidence at trial was legally sufficient to prove that defendant unlawfully entered a building with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]), as he was observed on his hands and knees with his head in a broken basement window of the home, followed by his cutting of the first floor window screens and then fleeing when he was confronted by the victim. While no one saw him break the basement window, his unlawful entry and intent to commit a crime can reasonably be inferred from these circumstances (*see People v Ostrander*, 46 AD3d 1217, 1218 [2007]; *People v Jacobs*, 37 AD3d 868, 870 [2007], *lv denied* 9 NY3d 923 [2007]). Further, having viewed the evidence in a neutral light and accorded appropriate deference to the jury's assessment of witness credibility, we conclude that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]).

Next, County Court's *Sandoval* compromise was eminently reasonable, having reviewed defendant's prior criminal acts and appropriately balanced their probative value against the risk of unfair prejudice to defendant (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Long*, 269 AD2d 694, 695 [2000], *lv denied* 94 NY2d 950 [2000]; *People v Grady*, 40 AD3d 1368, 1370 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Blair*, 32

AD3d 613, 614 [2006]). Despite defendant's numerous convictions of crimes similar to the one charged, County Court permitted the People to inquire only about two of his prior convictions and precluded the People from questioning him about their underlying facts. To the extent that the court also permitted the People to question defendant about whether he lied on a job application, this was probative of his credibility and past failure to tell the truth and was so dissimilar to the charged crime that it had little potential for unfair prejudice (*see People v Grady*, 40 AD3d at 1370).

Defendant's further contention that County Court erred in refusing to give an interested witness charge to the jury is belied by the record. In fact, the court gave a general interested witness charge after defendant asked for that. To the extent that defendant now argues that County Court should have provided the jury with a charge specifically tailored to the victim, the issue is unpreserved (*see* CPL 470.05 [2]; *People v Gilbo*, 52 AD3d 952, 954 [2008]) and, in any event, unpersuasive.

Finally, given defendant's history of committing similar crimes and the absence of extraordinary circumstances, we find no abuse of County Court's discretion or other grounds warranting modification of the sentence imposed (*see People v Carter*, 50 AD3d 1318, 1322 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Jackson*, 25 AD3d 1012, 1014 [2006], *lv denied* 6 NY3d 849 [2006]; *People v Lockhart*, 12 AD3d 842, 845 [2004], *lv denied* 5 NY3d 765 [2005]).

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.