(December 31, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL G. HEBERT, Appellant. [891 NYS2d 708]—

Lahtinen, J.

Defendant allegedly had sexual contact—oral sex and sexual intercourse—with his paramour's daughter on a variety of dates between February 2002 and April 2005 when the victim's age ranged from 12 to 15 years. As a result, defendant was charged in a 14-count indictment with nine counts of criminal sexual act in the second degree, three counts of rape in the second degree, one count of criminal sexual act in the third degree and one count of rape in the third degree. A jury found him guilty on all counts. County Court sentenced him to an aggregate prison term of 19¹/₃ to 58 years which, pursuant to Penal Law § 70.30, has been adjusted to 10 to 20 years. Defendant appeals.

Defendant's argument regarding the legal sufficiency of the evidence was not preserved and the record reveals no reason to

exercise our interest of justice jurisdiction with regard to such issue (*see People v Mann*, 63 AD3d 1372, 1373 [2009]). There is, however, no preservation requirement as to defendant's weight of the evidence argument (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Weight of the evidence review is "a two-step approach that requires courts to first determine whether, based on all the credible evidence, a different finding would not have been unreasonable," and, if that step is satisfied, "then the appellate court must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d at 348). In conducting this review, "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

A different conclusion would not have been unreasonable in this case and, thus, we will weigh the evidence. Since the age element of the crimes was not disputed, the focus of the proof was on whether the alleged contact occurred. The victim testified in detail regarding the sexual activities. She was able to tie some incidents to specific dates because they occurred, for example, on her birthday or on defendant's birthday. A phone call between the victim and defendant, which police arranged for the victim to record, contained several statements by defendant strongly indicating that the sexual activity had occurred. One example is this exchange early in the call:

"Victim: [T]he cops are questioning me about you having sex with me.

"Defendant: You want me to go to jail forever or what?

"Victim: No but, what do I . . . what do I say? I mean I'm like shaking right now cuz the cop just came here.

"Defendant: Just tell them nothing, nothing, nothing that's it. They can't pressure you [victim's name]. Okay?

"Victim: So now I have to just do like, just cover you?

"Defendant: Yeah."

Defendant testified in his own defense denying that the contact occurred and attempting to explain his comments in the recorded phone call. He further related that shortly before making the allegations against him, the victim had presented significant disciplinary problems as she began a relationship with a new boyfriend. Inconsistencies in the victim's story were pointed out and a former close friend of the victim testified that she had a

poor reputation for veracity. We discern no reason in this record to disregard the credibility determinations made by the jury and, upon weighing and considering the proof, we are unpersuaded that the verdict was against the weight of the evidence.

Defendant contends that County Court delivered an unbalanced interested witness charge. We cannot agree. County Court's charge mirrored the language recommended in the pattern jury charge (*see* CJI2d[NY] Credibility of Witnesses). The court's statement to the jury as part of the charge that defendant (who had testified) was an interested witness does not require reversal (*see People v Agosto*, 73 NY2d 963, 967 [1989]; *People v Ochs*, 3 NY2d 54, 56 [1957]). County Court was not required under the circumstances to specifically name the victim as an interested witness (*see People v Inniss*, 83 NY2d 653, 659 [1994]; *People v Hunter*, 55 AD3d 1052, 1054 [2008], *lv denied* 11 NY3d 898 [2008]; *People v Diaz*, 150 AD2d 885, 886 [1989], *lv denied* 74 NY2d 808 [1989]).

We find no merit in defendant's assertion that it was error to charge the jury using "on or about" language regarding the dates of the crimes alleged in counts 2, 5, 7 and 8 of the indictment. The indictment alleged that the crimes in those counts occurred "on or about" certain dates (i.e., April 11, 2002 [count 2], April 11, 2003 [count 5], April 11, 2004 [counts 7 and 8]) and, at trial, the proof placed the crimes as occurring on those specific dates. Using the language in the instructions to the jury that the alleged conduct occurred "on or about" rather than just "on" those dates did not prejudice defendant on the merits or otherwise deprive him of a fair trial (*cf. People v Sanchez*, 84 NY2d 440, 445 [1994]; *People v Williams*, 24 AD3d 882, 884 [2005], *lv denied* 6 NY3d 854 [2006]).

Defendant argues that the method of jury selection was improper. After the panel had been questioned, County Court had the parties exercise challenges for cause and then peremptory challenges on a juror-by-juror basis. The order of inquiry for each juror, before moving to the next juror, was: prosecutor challenge for cause; defense challenge for cause; prosecutor peremptory, defense peremptory. Defendant focuses his argument on appeal to the challenges for cause. However, defendant's objection before County Court was with respect to using the juror-by-juror procedure for peremptory challenges. The use of a juror-by-juror procedure for peremptory challenges has been upheld (*see People v Alston*, 88 NY2d 519, 527-529 [1996]). Although the argument as to the juror-by-juror method regarding challenges for cause was not preserved, we nevertheless note that such procedure would not constitute a reversible error

since it does not run afoul of the rationale undergirding the statutory requirements (*see People v Powell*, 13 AD3d 975, 977 [2004], *lv denied* 4 NY3d 889 [2005]; *see also People v Alston*, 88 NY2d at 527 [observing that it had been acceptable at common law and under the former statutory scheme to employ a procedure where "each individual juror was put on the stand, questioned, and subjected to both prosecution and defense challenges for cause and then peremptory challenges"]).

The remaining arguments raised in defendant's brief do not require extended discussion. The failure to request a missing witness charge regarding a psychologist who examined the victim did not, under the circumstances of this case, constitute the ineffective assistance of counsel (*see People v Peake*, 14 AD3d 936, 937-938 [2005]). It is not even clear from this record that such a charge would have been appropriate (*see generally People v Savinon*, 100 NY2d 192 [2003]). The prosecutor's improper question during cross-examination of defendant, which mischaracterized a statement in a psychologist's report, did not mandate a mistrial, particularly in light of the timely and clear curative instruction by County Court (*see People v Delaney*, 42 AD3d 820, 822 [2007], *lv denied* 9 NY3d 922 [2007]; *People v Keppler*, 92 AD2d 1032, 1032 [1983]). The sentence was within County Court's discretion and there are no extraordinary circumstances warranting a reduction thereof (*see People v Harden*, 6 AD3d 987, 987-988 [2004]).

Finally, we address defendant's contention, submitted after the argument date of this appeal, that his conviction on counts 1 through 6 of the indictment should be reversed because those counts charged him with criminal sexual act in the second degree pursuant to Penal Law § 130.45 (1) for acts occurring prior to November 1, 2003. "[U]nder the amendments to the 2001 Sexual Assault Reform Act which were effective as of November 1, 2003 (L 2003, ch 264, § 72, as amended), the Penal Law crimes of sodomy were renamed and replaced by the crimes of criminal sexual acts" (*People v Weaver*, 34 AD3d 1047, 1048 [2006], *lv denied* 8 NY3d 928 [2007] [emphasis omitted]). While the renamed crime of criminal sexual act in the second degree added contact between the mouth and anus, which was not listed in the prior definition of deviate sexual intercourse (*see id.* at 1048 n 1), there was no evidence or arguments in this case of mouth to anus contact. This was not a case of criminalizing previously innocent conduct of defendant, or otherwise adversely affecting his position (*see Kellogg v Travis*, 100 NY2d 407, 410 [2003]). The proof at trial regarding the oral sexual contact between defendant and the victim was the same conduct

criminalized under the statute before it was renamed, and the felony level was not changed nor were any defenses relevant to this case eliminated. Given such facts, as well as the failure to timely object to the use of the statute's new nomenclature, we are unpersuaded to reverse defendant's conviction on these six counts.

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.