■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT DOWLING, Appellant. [906 NYS2d 148]—

Spain, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 27, 2009, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On February 7, 2008, members of the City of Albany Police

Department Community Response Unit were conducting surveillance of a house known for drug activity on Clinton Avenue from the second-floor bay window of an abandoned house across the street. They observed a white SUV driven by defendant stop almost in front of the house in which they were located and, one by one, several individuals briefly entered the vehicle on the passenger side. From relatively close range, the officers observed each individual give defendant money and receive what appeared to be crack cocaine. They radioed a description of one suspected buyer to the officers working on the catch team. A catch team officer around the corner from the transaction stopped the alleged buyer, who was found to be in possession of a cut-off baggie containing a substance that field tested positive for crack cocaine. Defendant drove away, pulled a U-turn and was followed by the surveillance team's supervising sergeant, who stopped the SUV and arrested defendant, the sole occupant. A knife was found on the back seat of the SUV, but no cash or drugs. Defendant was charged with criminal sale of a controlled substance in the third degree and, as later reduced, criminal possession of a weapon in the fourth degree. After a *Mapp* hearing, County Court concluded that police had probable cause to arrest defendant, and his motion to suppress the knife was denied. Following a jury trial, the court dismissed the weapon possession count and defendant was convicted of the drug sale count and sentenced to a prison term of eight years with three years of postrelease supervision. Defendant now appeals, and we affirm.

Defendant's challenge to the legal sufficiency of the evidence is unpreserved, given his general motion to dismiss (*see People v Gray*, 86 NY2d 10, 20 [1995]). He also challenges the verdict as against the weight of the evidence and, thus, we consider witness credibility and the evidence as to the elements of the crime to ascertain if the People "prove[d] the elements of the crime beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007]; *see People v Caston*, 60 AD3d 1147, 1148-1149 [2009]).

The trial testimony established that the officers conducting surveillance with binoculars from the nearby building had an unobstructed view and observed a series of transactions in which defendant, who remained seated in the SUV with the interior light on, sold what appeared to be crack cocaine for cash. One of the officers radioed a description of one of the suspected buyers to his waiting fellow officers, who stopped that individual within one to two minutes and determined that he in fact possessed prepackaged crack cocaine. The supervisor, also

using binoculars, separately observed the transactions from down the block.

Considering the foregoing evidence in a neutral light and weighing the conflicting testimony, even if a contrary verdict would have been reasonable, the weight of the credible evidence fully justified the jury's verdict (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's activity was observed at all times by one or more officers on the surveillance team, and the buyer was found in possession of the baggie of crack cocaine immediately after defendant's sale, leaving no ambiguity regarding defendant's connection to that sale. The officers' inability to recover any money or drugs on defendant's person, in the SUV or in the area, despite a search, was sufficiently explained by the supervisor's testimony that defendant had the opportunity, not observable to police, to toss items out the SUV window when he quickly departed the scene, prior to being stopped, and that the windy weather conditions would have blown away paper or light baggies of cocaine. Further, defendant's challenge to the legal sufficiency of the evidence before the grand jury is precluded, given his conviction based upon what we view to be legally sufficient trial evidence (*see* CPL 210.30 [6]; *People v Smith*, 4 NY3d 806, 808 [2005]).

Next, County Court correctly ruled that the People had met their burden of proving, at the *Mapp* hearing, that police had probable cause to stop the SUV and arrest defendant without a warrant, because the arresting officer had knowledge of facts and circumstances "sufficient to support a reasonable belief that an offense ha[d] been or [was] being committed" (*People v Bigelow*, 66 NY2d 417, 423 [1985]; *see* CPL 140.10; *People v Maldonado*, 86 NY2d 631, 635 [1995]). Under the fellow officer rule, the arresting officer need not have had personal knowledge to establish probable cause but, rather, is entitled to act upon information received from another officer "provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest" (*People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996] [internal quotation marks and citation omitted]; *see People v Bell*, 5 AD3d 858, 859 [2004]). Here, the evidence at the suppression hearing established that the arresting officer, relying upon his own observations of defendant and information imparted to him by other team members, including the positive field test on the substance possessed by the buyer, had reason to believe that defendant had sold cocaine and, thus, probable cause to arrest him. Suppression was properly denied.

We are also unpersuaded by defendant's claim to being denied meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). A review of the record reveals that counsel pursued pretrial motions and a cogent trial strategy challenging the officer's ability to observe defendant's conduct, and focusing on the lack of any recording of the transaction or buyer testimony and the fact that no drugs or money were found on defendant's person or in the SUV. Counsel also secured dismissal of the weapon count. Contrary to defendant's claim, we do not find that defendant would have been entitled to a missing witness charge related to the apprehended buyer found in possession of cocaine sold by defendant given—among other factors—the testimony of one of the officers that a warrant for his arrest had been issued, but that the police department had been unable to locate him despite diligent search efforts (*see People v Savinon,* 100 NY2d 192, 197 [2003]; *People v Gonzalez*, 68 NY2d 424, 427-429 [1986]; *People v Turner*, 73 AD3d 1282, 1284 [2010]; *cf. People v Onyia*, 70 AD3d 1202, 1204-1205 [2010]). Thus, we cannot conclude that counsel's failure to request this charge prejudiced defendant (*see People v Hebert*, 68 AD3d 1530, 1533 [2009], *lv denied* 14 NY3d 841 [2010]; *People v Peake*, 14 AD3d 936, 937 [2005]).

Finally, we do not find that defendant's eight-year prison sentence, which is on the lower end of the permissible statutory range for a second felony drug offender previously convicted of a violent felony (first degree assault) (*see* Penal Law § 70.70 [4] [b] [i] [6 to 15 years]), is harsh and excessive.

Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.