# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

685

CAF 10-00547

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF BETHANY F.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,       MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MICHAEL F., RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR BETHANY F.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered February 24, 2010 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, placed respondent under the supervision of petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, placed him under the supervision of petitioner based on a finding that he sexually abused his daughter. Contrary to the father's contention, the finding of sexual abuse is supported by the requisite preponderance of the evidence (*see* § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3).

Contrary to the father's further contention, Family Court did not abuse its discretion in denying his motion for a *Frye* hearing with respect to the admissibility of validation testimony of a court-appointed mental health counselor. "Once a scientific procedure has been proved reliable, a *Frye* inquiry need not be conducted each time such evidence is offered[, and courts] may take judicial notice of [its] reliability" (*People v Hopkins*, 46 AD3d 1449, 1450, *lv denied* 10 NY3d 812 [internal quotation marks omitted]; *see People v LeGrand*, 8 NY3d 449, 458). Here, the court-appointed counselor utilized the Sgroi method to interview the child and make a determination with respect to the veracity of her allegations. The Court of Appeals has cited to Dr. Sgroi's "Handbook of Clinical Intervention in Child Sexual Abuse" (*see Matter of Nicole V.*, 71 NY2d 112, 120-121, *rearg*

*denied* 71 NY2d 890), and other courts in New York State have admitted validation testimony of experts who have utilized the Sgroi method (*see e.g. Matter of Thomas N.*, 229 AD2d 666, 668; *Matter of Nassau County Dept. of Social Servs. v Steven K.*, 176 AD2d 326, 327-328). Further, the court-appointed counselor testified at the hearing that the Sgroi method was used by "all" counselors in the field to validate allegations of sexual abuse.  Inasmuch as a *Frye* hearing is required only where a party seeks to introduce testimony on a novel topic (*see People v Garrow*, 75 AD3d 849, 852), and there is no indication in the record that the methods used by the court-appointed counselor to validate the allegations of sexual abuse in this case were novel, the father's motion for a *Frye* hearing was properly denied.

We further conclude that the court properly determined that the out-of-court statements of the child were sufficiently corroborated (*see Nicole V.*, 71 NY2d at 118-119).  We have reviewed the father's remaining contentions and conclude that they are without merit.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court