# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**714**

**KA 14-00107**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MORRIS H. WHITE, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 24, 2013. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). The evidence at trial established that defendant sold five pills containing oxycodone to a police informant in the City of Canandaigua. We reject defendant's initial contention that County Court should have granted his motion for a mistrial during voir dire based on comments about defendant's sister made by a prospective juror who was later excused for cause. "It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (*People v Lewis*, 247 AD2d 866, 866, *lv denied* 93 NY2d 1021 [internal quotation marks omitted]; *see People v Ortiz*, 54 NY2d 288, 292). Here, we conclude that, inasmuch as the prospective juror's comments did not relate directly to defendant and were not so prejudicial as to deprive him of a fair trial, the court did not abuse its discretion in denying the motion for a mistrial (*see generally Ortiz*, 54 NY2d at 292; *People v Boler*, 4 AD3d 768, 768, *lv denied* 2 NY3d 761). Defendant failed to preserve for our review his further contention that he was deprived of a fair trial because a police detective identified defendant's sister in the courtroom during the trial (*see People v Angona*, 119 AD3d 1406,

1409, *lv denied* 25 NY3d 987), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the court should have granted his motion for a mistrial after a police detective testified that defendant, upon his arrest, asked to work as a police informant. The record establishes that the testimony was a " 'surprise to everyone' " and was not the result of any " 'willful misconduct by the People' " (*People v Lucie*, 49 AD3d 1253, 1255, *lv denied* 10 NY3d 936; *see People v Jacobs*, 37 AD3d 868, 870, *lv denied* 9 NY3d 923). Moreover, the court limited the prejudice to defendant by sustaining his objection, striking the testimony, and providing a curative instruction (*see Lucie*, 49 AD3d at 1255; *People v Mims*, 278 AD2d 822, 823, *lv denied* 96 NY2d 832).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by incidents of prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Swan*, 126 AD3d 1527, 1527). In any event, we conclude that none of the alleged misconduct by the prosecutor was so egregious as to deprive defendant of a fair trial (*see People v Jackson*, 108 AD3d 1079, 1079-1080, *lv denied* 22 NY3d 997).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  June 19, 2015                        Frances E. Cafarell
                                               Clerk of the Court