People v Jackson (2020 NY Slip Op 02417)





People v Jackson


2020 NY Slip Op 02417


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


337 KA 18-01793

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HUGH R. JACKSON, DEFENDANT-APPELLANT.






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered April 25, 2018. The judgment convicted defendant upon a jury verdict of attempted burglary in the second degree, criminal mischief in the fourth degree, possession of burglar's tools and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his conviction of that crime is not supported by legally sufficient evidence with respect to the issue of his intent to commit a crime in the dwelling at issue. We reject that contention. Viewing the evidence in the light most favorable to the People, as we must (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could have found that element of the crime proved beyond a reasonable doubt (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). The jury may infer such intent from the defendant's conduct and the surrounding circumstances (see People v Pendarvis, 143 AD3d 1275, 1275 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]; see generally People v Mackey, 49 NY2d 274, 280-281 [1980]; People v Jacobs, 37 AD3d 868, 870 [3d Dept 2007], lv denied 9 NY3d 923 [2007]), including the "defendant's actions . . . when confronted" (People v Maier, 140 AD3d 1603, 1603-1604 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]). Here, those factors include defendant's unexplained presence on the premises (see People v Carducci, 143 AD3d 1260, 1261-1262 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; People v Ostrander, 46 AD3d 1217, 1218 [3d Dept 2007]), his actions in cutting and removing the screen in a door on the victim's back porch while wearing latex gloves (see People v Gelling, 163 AD3d 1489, 1492 [4th Dept 2018], amended on rearg 164 AD3d 1673 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]; People v Hunter, 55 AD3d 1052, 1053 [3d Dept 2008], lv denied 11 NY3d 898 [2008]), and his flight when the homeowner confronted him (see Gelling, 163 AD3d at 1492). Furthermore, viewing the evidence in light of the elements of attempted burglary in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict is against the weight of the evidence with respect to that crime (see generally Bleakley, 69 NY2d at 495).
Defendant's contentions with respect to County Court's jury charge are not preserved for our review inasmuch as defendant did not object to the jury charge as given (see People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; see generally CPL 470.05 [2]; People v Robinson, 88 NY2d 1001, 1001-1002 [1996]), and we decline to exercise our power to reach those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court